IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Sophie Kirkpatrick ) | |
| ) | Case No. 25-cv-6656 |
| v. ) | |
| ) | Judge: Hon. Manish S. Shah |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | Magistrate: Hon. Jeannice W. Appenteng |
| IDENTIFIED ON SCHEDULE "A" ) | |
| ) | |

## DECLARATION OF DAVID GULBRANSEN

I, David Gulbransen, declare as follows:

I am over 18 years of age. I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order (the "Ex Parte Motion for TRO"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, Sophie Kirkpatrick ("Sophie" or "Plaintiff").

2. I understand that infringers use a variety of tactics to evade enforcement efforts. Specifically, infringers like Defendants in the present case will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.

3. Once notice of a lawsuit is received, infringers frequently move website hosting to rogue servers located outside the United States and/or begin redirecting traffic to a different, newly created domain name or online marketplace account not named in the corresponding

1

lawsuit. Rogue servers are notorious for ignoring take down demands sent by brand owners.

4. I also understand that once notice of a lawsuit is received, infringers such as Defendants move funds from their online payment accounts within the United States to off-shore bank accounts outside the jurisdiction of this Court.

5. For these reasons, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts.

6. Analysis of PayPal and other payment processor transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

7. Past investigation and discovery of online marketplace accounts reveals that Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability. For example, many of Defendants' names and physical addresses used to register the Defendant online marketplace accounts are incomplete, contain randomly typed letters, fail to include cities or states, or use privacy services that conceal this information. Identical contact information among multiple domain names and/or online marketplace accounts also suggests that many of the aliases used to register the Defendant online marketplace accounts are used by the same individual or entity.

8. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email

service.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 8, 2025                           BY:      <u>     s/David Gulbransen/  </u>
                                                                 David Gulbransen