IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sophie Kirkpatrick )<br>)<br>v. )<br>)<br>THE PARTNERSHIPS and )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE "A" )<br>) | Case No. 25-cv-6656<br><br>Judge: Hon. Manish S. Shah |

**SEALED *EX PARTE* TEMPORARY RESTRAINING ORDER**

Sophie Kirkpatrick ("Kirkpatrick" or "Sophie Kirkpatrick") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Kirkpatrick's Motion as follows.

This Court finds, on an ex parte and preliminary basis, that Defendants have sold products using infringing versions of Kirkpatrick' federally registered copyrights, which are protected by U.S. Copyright Registration No(s). VA 2-419-862, VA 2-419-864, and VA 2-419-866 (the "Kirkpatrick Works").

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Kirkpatrick has presented specific

1

facts in the Declaration of Kirkpatrick in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would redirect account information, evading identification and enforcement of Plaintiff's copyrights. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the Kirkpatrick Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Kirkpatrick product or not authorized by Kirkpatrick to be sold in connection with the Kirkpatrick Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Kirkpatrick product or any other product produced by Kirkpatrick, that is not Kirkpatrick' or not produced under the authorization, control, or supervision of Kirkpatrick and approved by Kirkpatrick for sale under the Kirkpatrick Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Kirkpatrick, or are sponsored by, approved by, or otherwise connected with Kirkpatrick; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Kirkpatrick, nor authorized by

Kirkpatrick to be sold or offered for sale, and which bear any of Kirkpatrick' copyrights, including the Kirkpatrick Works, or any reproductions, infringing copies, or colorable imitations.

2. Kirkpatrick is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Kirkpatrick' request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants'

Internet Stores, including, without limitation, any online marketplace platforms such as Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Kirkpatrick expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Kirkpatrick' request, those with notice of this Order, including the Third Party

      Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Kirkpatrick Works.

5. Kirkpatrick may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Kirkpatrick and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "AirEase and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Kirkpatrick must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

7. The Schedule A to the Complaint Docket #2, the Memorandum in Support of the TRO Exhibit 2 Docket #9 and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

8. Kirkpatrick shall deposit with the Court $38,000, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a

      wrongful restraint hereunder.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules.

10. This Temporary Restraining Order without notice is entered at 3:00 p.m. on this 14th day of July, 2025 and shall remain in effect for fourteen (14) calendar days.


BY: *[signature]*
Manish S. Shah
United States District Court Judge

## Schedule A

| Doe | Store Name | Merchant ID |
|---|---|---|
| 1 | AirEase | A236H0WCQ982NZ |
| 2 | Chengdegaoxinquhongchendianzishangwu | A1OFY20NSWES1N |
| 3 | HongDuo | A25TEH1558ENMX |
| 4 | KXDBH | A299A5C7A3QQGT |
| 5 | linxiansichengmaoyi | AF7N9TMYF4BDS |
| 6 | xiangyangshipengzhishangmaoyouxiangongsi | A26KZIRCA55KKS |
| 7 | MING YA | A1PFB8SEWTLE7Z |
| 8 | Rockyee | A392O8C3ZW35FR |
| 9 | SCGUSA | ABOROCYKJDKGA |
| 10 | UQRUI | A23K7BI5UWTE5C |
| 11 | WangZiHanShangMao | A2GOLKL3NGT77M |
| 12 | WenChangQiShop | A36UNAMNC5G7GF |
| 13 | wenxinchenyu | A2JX3XFZ0NYQ26 |
| 14 | Xiao Yu Guo Guo Store | A14BZ5IT8DBE21 |
| 15 | 梁溪区龙珠互联网电子商务店 | A1JCRVBP11FFM7 |
| 16 | NPBIYOYG | AQX4QKVQC3210 |
| 17 | Mageeki | ANPSAQ70L749M |
| 18 | Prefdo | A3DV72QT33UUBY |
| 19 | v2croft | AJK9LETNWQS38 |
| 20 | dongguanshijiaoqiongmaoyi | AQUVL0M4KPN9X |
| 21 | aabb881-0 | aabb881-0 |
| 22 | koreyoshi239 | koreyoshi239 |
| 23 | Lumen | Lumen |
| 24 | Lucky Cat Curiosities | Lucky Cat Curiosities |
| 25 | Bestow | 102640974 |
| 26 | foshanshixiaolinkejiyouxiangongsi | 101626162 |
| 27 | GGguanxuan | 102738732 |
| 28 | HONGXUE Co.Ltd | 101680639 |
| 29 | Integrity Quotient | 102718062 |
| 30 | JHBWD Co.,Ltd | 101674023 |
| 31 | shaoguiping258 | 101653575 |
| 32 | Sky life | 102641004 |
| 33 | XUHOG | 101661745 |
| 34 | yanwan | 102638422 |
| 35 | ZIWEN Co.Ltd | 101606416 |
| 36 | HEROO Store | 102627974 |
| 37 | Prefdo | 101551774 |
| 38 | v2croft | 101551777 |

7